1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7

DISTRICT OF NEVADA

8

* * *

9
10

AMANDA LEA SEXTON and TONEY ANTHONEY WHITE,

Case No. 2:16-cv-00734-RFB-VCF

ORDER

Plaintiffs,

11
12

v.

13

COUNTY OF CLARK NEVADA et al.,

Defendants.

14
15
16

*Pro se* plaintiffs Amanda Lea Sexton and Toney Anthoney White, who are pretrial

17

detainees in the custody of the Clark County Detention Center ("CCDC"), have jointly

18

submitted a second amended civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF

19

No. 13) and have submitted two motions to permit correspondence between plaintiffs

20

(ECF No. 8, 17), a motion for *sua sponte* review of the amended complaint (ECF No.

21

10), two applications to proceed *in forma pauperis* (ECF No. 12, 16), a motion for

22

reconsideration (ECF No. 14), a motion for an extension of time (ECF No. 18), three

23

motions to seal (ECF No. 19, 20, 22), an amended motion for *sua sponte* review of

24

second amended complaint (ECF No. 25), and a motion to strike applications to

25

proceed *in forma pauperis* (ECF No. 28).  Plaintiff White has paid the full filing fee for

26

this action.  (ECF No. 27).

27

**I.    SEVERANCE OF CASES**

28

Plaintiffs White and Sexton have filed a joint *pro se* second amended civil rights

complaint.  (ECF No. 13).  Generally, persons may join in one action as plaintiffs if they

1   assert "any right to relief jointly, severally, or in the alternative with respect to or arising

2   out of the same transaction, occurrence, or series of transactions or occurrences" and

3   "any question of law or fact common to all plaintiffs will arise in the action."  Fed. R. Civ.

4   P. 20(a)(1)(A)-(B).  Despite this, "the court may at any time, on just terms, add or drop a

5   party . . . [and] may also sever any claim against a party."  Fed. R. Civ. P. 21.

6       The Court finds that, even if the plaintiffs in this action are properly joined, the

7   Court has found that management of *pro se* multi-plaintiff inmate litigation presents

8   significant burdens to both the parties and the Court.  Although *pro se* litigants have the

9   right to plead and conduct their own cases personally, they have no authority to

10  represent anyone other than themselves. *See* 28 U.S.C. § 1654; *Cato v. United States*,

11  70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818

12  F.2d 696, 697 (9th Cir. 1987).  Thus, during the pendency of this case, each individual

13  Plaintiff would be required to sign and submit any individual motions or notices related

14  to their own individual claims in the action.  Additionally, each Plaintiff would be required

15  to individually sign any joint motions or notices filed on behalf of both Plaintiffs.  Based

16  on the motions to permit joint correspondence between the two inmates, it appears that

17  Plaintiffs will have limited opportunities to discuss case strategy, share discovery, or

18  even provide each other with copies of the motions and notices that they file with the

19  Court because the CCDC prohibits inmate-to-inmate mail communications absent

20  exceptions that Plaintiffs do not qualify for.  (*See* ECF No. 8 at 2).  Moreover, if

21  convicted, Plaintiffs will most likely be incarcerated at different facilities and would have

22  a difficult time proceeding jointly.  Accordingly, the Court severs the cases in light of

23  judicial economy and maintaining efficient control over the Court's docket.

24  **II.    *IN FORMA PAUPERIS* APPLICATIONS**

25      Each Plaintiff filed an application to proceed *in forma pauperis*.  (ECF No. 12,

26  16).  On September 2, 2016, Plaintiff White paid the full $400 filing fee for this action.

27  (ECF No. 27).  Plaintiffs then filed a motion to strike the applications to proceed *in forma*

28  *pauperis* because they had paid the full filing fee for this action. (ECF No. 28).

In light of the Court's decision to sever this case, the Court denies Plaintiff White's application to proceed *in forma pauperis* (ECF No. 12) as moot, denies the motion to strike the applications to proceed *in forma pauperis* (ECF No. 28) as moot, denies the motion for reconsideration about the applications to proceed *in forma pauperis* (ECF No. 14) as moot, and denies the motion for an extension of time to file applications to proceed *in forma pauperis* (ECF No. 18) as moot.

The Clerk of the Court shall deny Plaintiff Sexton's application to proceed *in forma pauperis* (ECF No. 16) as moot in this case, but shall docket it as a pending, active motion in the newly severed case.

**III.   MISCELLANEOUS MOTIONS**

Plaintiffs have filed two motions to permit correspondence for legal purposes between themselves while incarcerated at the CCDC.  (ECF No. 8, 17).  According to Plaintiffs, the CCDC prohibits inmate-to-inmate mail communications absent exceptions that Plaintiffs do not qualify for.  (ECF No. 8 at 2).  The Court denies these motions because each Plaintiff must proceed on his or her case individually.

Plaintiff White has filed three motions to seal documents.  (ECF No. 19, 20, 22).  Plaintiff White seeks to seal "sensitive documents" related to his case and notes that Defendants have the originals.  (ECF No. 19 at 1;  ECF No. 20 at 1;  ECF No. 22 at 1).  Plaintiff wants to file these documents with the Court in order to prevent loss, destruction, damage, or seizure by Defendants.  (*Id.*)  The documents are various kites filed by Plaintiff to Defendants.  (ECF No. 19-1, 20-1, 22-1).  The Court denies the motions to seal because Plaintiff has neither established a compelling reason or good cause for sealing these documents.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-99 (9th Cir. 2016).

**IV.   SCREENING OF SECOND AMENDED COMPLAINT**

The Court denies as moot Plaintiffs' motion for the Court to review the first amended complaint because the operative complaint is the second amended complaint. (ECF No. 10).  The Court denies as moot Plaintiffs' motion for the Court to review the

second amended complaint because the Court will screen the second amended complaint in a separate order.  (ECF No. 25).  The Court shall issue a screening order on the second amended complaint in the instant case and severed case.

**V.     CONCLUSION**

For the foregoing reasons, it is ordered that the motion to strike the applications to proceed *in forma pauperis* (ECF No. 28) is denied as moot.

It is further ordered that Plaintiff White's application to proceed *in forma pauperis* (ECF No. 12) is denied as moot.

It is further ordered that the motion for reconsideration (ECF No. 14) is denied as moot.

It is further ordered that the motion for extension of time (ECF No. 18) is denied as moot.

It is further ordered that the motions to have the Court review the first and second amended complaints (ECF No. 10, 25) are denied as moot.

It is further ordered that the motions to permit correspondence (ECF No. 8, 17) are denied.

It is further ordered that the motions to seal documents (ECF No. 19, 20, 22) are denied.

It is further ordered that the claims of Plaintiffs Amanda Lea Sexton and Toney Anthoney White are severed from each other.

It is further ordered that Plaintiff Toney Anthoney White shall proceed as the sole plaintiff in the instant case, 2:16-cv-00734-RFB-VCF.

It is further ordered that the Clerk of the Court is directed to:

1.      Open a separate civil action for Plaintiff Amanda Lea Sexton;

2.      Assign Plaintiff Sexton's action to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustments in the assignment of civil cases for such assignment;

3.      File and docket a copy of this order in Plaintiff Sexton's new case;

4.     File and docket Plaintiff Sexton's application to proceed *in forma pauperis* (ECF No. 16) in her new case and designate the application as an active, pending motion;

5.     Deny as moot Plaintiff Sexton's application to proceed *in forma pauperis* (ECF No. 16) in the instant case.

6.     Place a copy of the second amended complaint (ECF No. 13), submitted on June 7, 2016, in Plaintiff Sexton's newly severed case; and

7.     Send Plaintiff Sexton an inmate advisory letter bearing her new case name and case number.

It is further ordered that the Court will issue separate screening orders on the second amended complaint in the instant case and in Plaintiff Sexton's severed case.

DATED THIS  29th  day of September 2016.

_____
UNITED STATES MAGISTRATE JUDGE